## West vs. Cobb, deputy sheriff, *et al.*

[WARNER, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]

Where there is an absolute judgment for a sum of money, with no restriction in its terms as to the manner or medium of payment, or as to the time or mode of enforcing it, and its enforcement by regular levy and sale is sought to be enjoined because violative of a cotemporaneous written contract modifying its ordinary legal effect, the discretion of the chancellor in refusing the injunction will not be controlled, it not appearing that a breach of the contract (granting the contract to be legal and obligatory) would be irreparable at law in damages.

Injunction. Judgments. Levy and sale. Contracts. Before Judge SIMMONS. Sumter County. At Chambers. August 25, 1879.

. · Report unnecessary.

B. P. HOLLIS, for plaintiff in error.

E. G. & W. C. SIMMONS; LYON & GRESHAM, for defendants.

BLECKLEY, Justice.

Two persons administered jointly upon an estate, and gave an administration bond with security. Both administrators died, and their estates were severally administered upon by different individuals. The bond was put in suit in the superior court, in the name of the ordinary, for the use of certain beneficiaries, one of whom was an adult and the rest minors. The suit was against the two administrators of the two principal obligors, and against the surety.

A guardian *ad litem* was appointed for the minor plaintiffs. The defendants filed an equitable plea, and negotiations ensued for a consent or compromise verdict. The result was a written agreement, executed in the court-house whilst court was in session, signed by the guardian *ad litem* and by one of the administrators, through their respective counsel, reciting the amount of a verdict and judgment to be taken in favor of the plaintiffs, this amount being $2,500.00 to the plaintiffs, and $500.00 to their counsel. The agreement stipulated, among other things, that a certain described store-house was not to be brought to sale before the expiration of sixty days, and that when sold under the execution the plaintiffs would bid for it $1,875.00, and enter that sum as a credit on the execution. The verdict was taken immediately after the agreement was signed, and judgment (called a decree) was entered up. Both were absolute and unconditional, neither making any reference to the agreement. The guardian *ad litem* died. The five hundred dollars adjudged to the plaintiffs' counsel was paid. The execution for $2,500.00 was levied by the sheriff upon the store-house mentioned in the agreement, and upon some other realty, and the sheriff, acting under orders from the husband of one of the minor plaintiffs, was proceeding to bring the property to sale, with an open and avowed repudiation of the agreement on the part of said husband in behalf of his wife. The sixty days had, however, expired, and the contention was as to the duty and obligation of the plaintiffs in execution to bid the stipulated sum for the store-house. The defendant administrator who was a party to the agreement now filed his bill against the said plaintiffs, as well as the sheriff, and prayed for an injunction of any sale under the levy, except with the condition that the agreement be complied with. At the hearing, affidavits were read which indicated that the adult plaintiff had not consented to the agreement, and that the minor plaintiffs had not promoted or brought it about otherwise than through their guardian *ad litem;* also, that the guardian contemplated a purchase of the store-house by himself as an individual, and not as

an investment for the minors, though it appeared that his purpose in this respect was unknown to the complainant in the bill. The chancellor denied the injunction.

The bill is in the nature of a bill for the specific performance of a contract. It does not seek to open the consent verdict and judgment on the ground of a mistake of law as to the power of the guardian *ad litem* to bind his wards by the agreement, or on any other ground. The agreement was not executed by all the parties to the common law action on either side. Only the guardian *ad litem*, and one of the three defendants executed it. It is a separate covenant between these parties, and for that reason any breach of it is more appropriately treated as a separate cause of action between them, than as a cause for equitable interference with the collection of the judgment. To qualify and limit a judgment in favor of several plaintiffs against several defendants by a contemporaneous agreement not common to them all, the terms of the agreement ought to be incorporated in the judgment, and not left extrinsic to it. There is also, to say the least, grave doubt whether the guardian *ad litem* had any power to bind his wards to bid for property when sold under the execution. Possibly, the effect of his covenant was only to bind himself personally; and if so, it could have no direct influence on the right of the plaintiffs in the execution to levy and sell according to the ordinary course of law. It is clear that if the wards are not bound, there ought to be no injunction. If, on the contrary, they are bound, it does not appear from the bill that a breach of the agreement would result in irreparable damage. No insolvency is charged; and, moreover, it may happen that the store-house will bring at the sale even more than the amount specified in the agreement. If it should bring less, and if the agreement is operative directly upon the judgment and execution, the right to a credit on the execution for the stipulated sum would not be lost, and the enforcement of that right after the sale would be enough for the complainant's protection.

Judgment affirmed.